# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**PEDRO PEREZ JR.**  **PLAINTIFF**
ADC # 183041

v.  No. 3:23-cv-83-DPM

**FRED BYRD; TONY BYRD,**
City Worker, City of Luxora;
**ALBERT WRIGHT,** Police
Chief, Luxora; and **BROWN,**
Mayor, Luxora  **DEFENDANTS**

## ORDER

1.  The motion to proceed *in forma pauperis*, Doc. 1, is granted. The Court will not assess an initial partial filing fee. Perez's custodian must collect monthly payments from his prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on Perez's behalf must be clearly identified by the case name and case number.

2.  The Court directs the Clerk to send a copy of this Order to three addresses:

- the Warden of the Randall Williams Unit of the Arkansas Division of Correction, 7206 West 7th Street, Pine Bluff, Arkansas 71603;

- the Arkansas Division of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and

- the Arkansas Division of Correction Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

3. The Court must screen Perez's § 1983 complaint. *Doc. 2*; 28 U.S.C. § 1915(e)(2). He says that Fred Byrd, encouraged by family members, hit him repeatedly with a chrome object knocking him out. Perez was briefly hospitalized for his injuries. He says that, before the assault, he told both Chief Wright and Mayor Brown that he was afraid of Fred Byrd, asking them to intervene. They refused. He asks for damages.

Perez's claims fail and will be dismissed without prejudice for the reasons specified.

- Perez hasn't shown that either Chief Wright or Mayor Brown had a duty to protect Perez from Fred Byrd. *Montgomery v. City of Ames*, 749 F.3d 689, 694–95 (8th Cir. 2014). Perez says he asked Chief Wright to tell Fred Byrd to not bother him, but there is no evidence that Chief Wright created the danger. He hasn't shown that he filed a police report or sought any kinds of court-ordered protections that Chief Wright ignored. And there is no evidence that Chief Wright violated equal protection

principles or that he was present during the assault and failed to intervene.

- Even if Perez had stated a constitutional claim, his damages claims fail because he has not argued that either Chief Wright or Mayor Brown was acting under a city policy, practice, or custom when they refused to assist him. *Doe ex rel. Doe v. School District of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

- Perez also hasn't shown that Fred Byrd is a government actor liable under § 1983. While he says that Tony Byrd is a city worker, Perez hasn't alleged that Tony's actions violated his constitutional rights.

4. No federal question exists that would create jurisdiction under 28 U.S.C. § 1331. And because the Court has no original jurisdiction over any claim, it has no supplemental jurisdiction over any state law claim. 28 U.S.C. § 1367(a). The Court will dismiss the case without prejudice. The Court recommends this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). An *in forma pauperis* appeal from this Order and accompanying Judgment will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge
23 October 2023